Case 1:24-cv-09301-JPO-KHP   Document 15   Filed 09/11/25   Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONY MONTERO,

           Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY ("NYCHA"), et al.,

           Defendants.

1:24-CV-9301 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Antony Montero, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), has filed an application for the court to request *pro bono* counsel. (ECF 5.) For the reason set forth below, the Court denies that application.

This action is being reviewed pursuant to the requirements laid out in the IFP statute, 28 U.S.C. § 1915, that all IFP civil actions must be reviewed under. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "Thus, before summonses are issued in this case, the district court must determine whether the action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim, or (3) because the action seeks monetary relief from a defendant immune from such relief." *Staley v. Navy Fed. Credit Union*, No. 1:24-CV-8265 (LTS), 2025 WL 1685233, at *3 (S.D.N.Y. June 5, 2025) (citing § 1915(e)(2)(B)(i)-(iii)). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of his claims, his efforts to obtain a lawyer, and his ability to gather the facts and present his case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may

only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because this action is still undergoing the abovementioned statutory review, it is too early to determine whether the Court should request *pro bono* counsel to represent Plaintiff in this action. The Court therefore denies Plaintiff's application for the court to request *pro bono* counsel (ECF 5) without prejudice to Plaintiff's filing another such application should this action proceed following the abovementioned statutory review.

## CONCLUSION

The Court denies Plaintiff's application for the court to request *pro bono* counsel. (ECF 5.) The Court directs the Clerk of Court to terminate ECF 5. The Court denies Plaintiff's application without prejudice to Plaintiff's filing another such application should this action proceed following the abovementioned statutory review.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 11, 2025
        New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

2