UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY MONTERO,

                Plaintiff,

        -against-

NEW YORK CITY HOUSING AUTHORITY (NYCHA), et al.,

                Defendants.

1:24-CV-9301 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

      Plaintiff Antony Montero, of the Bronx, New York, asserts claims of retaliation and disability discrimination under Title II of the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, and the Fair Housing Act of 1968, and claims of constitutional violations under 42 U.S.C. § 1983, as well as claims under state law.[1] Plaintiff seeks damages, declaratory relief, and injunctive relief. He sues: (1) the New York City Housing Authority ("NYCHA"); (2) Building Management Associates ("BMA"); (3) Luigino Gigante, BMA's President; (4) Delia Hernandez, a BMA Property Manager; (5) Daniel Greene, the NYCHA Executive Vice President of Operations; (6) Marcela Medina, Senior Advisor to NYCHA's Chief Operating Officer; (7) Eva Trimble, NYCHA's Chief Operating Officer; (8) Lisa Bova-Hiatt, NYCHA's Chief Executive Officer; (9) Samuel Diaz, a NYCHA Maintenance Supervisor; (10) Richard Warren, a BMA Field Maintenance Supervisor; (11) Jorge Ramirez, a BMA

---

[1] Plaintiff's third amended complaint (ECF 16) is the operative pleading for this action. Plaintiff asserts a number of claims under state law, including claims under the New York City Human Rights Law. (*See id.* at 4.) The Court also construes the third amended complaint as asserting claims of retaliation and discrimination under the New York State Human Rights Law.

Building Supervisor; and (12) Chris Mikrut, a licensed mold assessor employed by Microecologies, Inc.

By order dated December 11, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court directs the Clerk of Court to add, pursuant to Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), Yolanda Padilla, a NYCHA Housing Assistant, as a defendant in this action. The Court directs service on all of the defendants, save Gigante, Diaz, Warren, and Mikrut, without prejudice to Plaintiff's filing a fourth amended complaint in which he alleges facts about Gigante, Diaz, Warren, and Mikrut, and their involvement in the events that are the bases for his claims.[2]

## DISCUSSION

**A.    Yolanda Padilla**

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "Under this rule, courts have added individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York*, No. 1:25-CV-0284 (RA), 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester Cnty. Dep't of Corr.*, No. 7:20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020) (second alteration in original)); *see Adams v. NYC Dep't of Corrs.*, No. 1:19-CV-5009 (VSB), 2019 WL 2544249, at

---

[2] Plaintiff alleges nothing about how any of these defendants were involved with any of the alleged incidents.

*2 (S.D.N.Y. June 20, 2019). That is so because a court may add a party to an action, under Rule 21, when it is clear that the plaintiff intended to name that party as a defendant, but inadvertently failed to do so. *See Fullewellen v. City of New York*, No. 1:21-CV-7219 (MKV), 2021 WL 4940984, at *2 (S.D.N.Y. Sept. 14, 2021); *see also Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

While Plaintiff does not name Yolanda Padilla as a defendant in the caption of his third amended complaint, he does regard Padilla as a party within the text of his third amended complaint (ECF 16, at 1), and alleges that Padilla violated his one of his federal constitutional rights (*id.* at 3). Thus, it is clear that Plaintiff intended to name Padilla as a defendant, but inadvertently failed to do so. In light of Plaintiff's *pro se* status and his allegations, the Court understands Plaintiff's third amended complaint as asserting claims against Padilla. Accordingly, the Court directs the Clerk of Court to add Padilla as a defendant in this action, under Rule 21. This amendment is without prejudice to any defenses Padilla may wish to assert.

**B.      Service on the defendants, save Gigante, Diaz, Warren, and Mikrut**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the United States Marshals Service ("USMS") to effect service.[3] *Walker v.*

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date that the original complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the third amended complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that summonses for the defendants, save for Gigante, Diaz, Warren, and Mikrut, issue.

*Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on all of the defendants (including Padilla), save Gigante, Diaz, Warren, and Mikrut, through the USMS, the Clerk of Court is instructed to fill out a USMS Receipt and Return form ("USM-285 form") for each of those defendants to be served. The Clerk of Court is further instructed to issue a summons for each of those defendants to be served, and deliver to the USMS all of the paperwork necessary for the USMS to effect service upon all of the defendants to be served.

If the third amended complaint is not served on all the abovementioned defendants to be served within 90 days after the date that the abovementioned summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to add Yolanda Padilla as a defendant in this action, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

The Court further directs the Clerk of Court to: (1) issue summonses for the New York City Housing Authority, Building Management Associates, Delia Hernandez, Daniel Greene, Marcela Medina, Eva Trimble, Lisa Bova-Hiatt, Jorge Ramirez, and Yolanda Padilla; (2) complete USM-285 forms with the service addresses for each of those defendants; and

(3) deliver all documents necessary to effect service of a summons and the third amended complaint (ECF 16) on those defendants to the USMS.

      The Court does not direct service on Luigino Gigante, Samuel Diaz, Richard Warren, and Chris Mikrut, and grants Plaintiff leave to file a fourth amended complaint to allege facts about those defendants and their involvement in the events that are the bases for his claims.

SO ORDERED.

Dated:   October 3, 2025
          New York, New York

                                                  J. PAUL OETKEN
                                          United States District Judge

**SERVICE ADDRESS FOR DEFENDANTS**

1. New York City Housing Authority
   Law Department
   90 Church Street, 11th Floor
   New York, New York 10007
   Attn: Law Department/Service

2. Building Management Associates
   862 Southern Boulevard
   Bronx, New York 10459

3. Delia Hernandez
   Property Manager
   Building Management Associates
   1102 Longfellow Avenue
   Bronx, New York 10459

4. Daniel Greene
   Executive Vice President of Operations
   New York City Housing Authority
   90 Church Street, 11th Floor
   New York, New York 10007
   Attn: Law Department/Service

5. Marcela Medina
   Senior Advisor to the Chief Operating Officer
   New York City Housing Authority
   90 Church Street, 11th Floor
   New York, New York 10007
   Attn: Law Department/Service

6. Eva Trimble
   Chief Operating Officer
   New York City Housing Authority
   90 Church Street, 11th Floor
   New York, New York 10007
   Attn: Law Department/Service

7. Lisa Bova-Hiatt
   Chief Executive Officer
   New York City Housing Authority
   90 Church Street, 11th Floor
   New York, New York 10007
   Attn: Law Department/Service

8. Jorge Ramirez
   Building Supervisor
   Building Management Associates
   1102 Longfellow Avenue
   Bronx, New York 10459

9. Yolanda Padilla
   New York City Housing Authority
   90 Church Street, 11th Floor
   New York, New York 10007
   Attn: Law Department/Service