USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONY MONTERO,

                    Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY, et al.,

                    Defendants.

24-CV-9301 (JPO) (KHP)

**AMENDED ORDER OF SERVICE**

**KATHARINE H. PARKER, United States Magistrate Judge.**

Plaintiff Antony Montero, a New York City Housing Authority ("NYCHA") resident of the Bronx, New York, brings this action alleging retaliation and disability discrimination in violation of Title II of the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, the Fair Housing Act of 1968, and state and municipal analogs. He further asserts claims for constitutional violations under 42 U.S.C. § 1983.[1]

## BACKGROUND

Montero seeks monetary damages, declaratory relief, and injunctive relief. He names the following defendants in the above entitled action: (1) the NYCHA; (2) Building Management Associates ("BMA"); (3) Luigino Gigante, BMA's President; (4) Delia Hernandez, a BMA Property Manager; (5) Lourdes Sanchez, a BMA Assistant Property Manager; (6) Daniel Greene, the NYCHA Executive Vice President of Operations; (7) Marcela Medina, Senior Advisor to NYCHA's Chief Operating Officer; (8) Eva Trimble, NYCHA's Chief Operating Officer; (9) Lisa Bova-Hiatt, NYCHA's Chief Executive Officer; (10) Samuel Diaz, a NYCHA Maintenance Supervisor; (11) Richard Warren, a BMA Field Maintenance Supervisor; (12) Michael Graziano, a BMA/NYCHA

Maintenance Supervisor at 998 E. 167th St., Bronx, NY 10459; (13) Jorge Ramirez, a BMA Building Supervisor; (14) Yolanda Padilla, a NYCHA Housing Assistant; (15) Chris (Last Name Unknown ("LNU")), a BMA Building Superintendent at 998 E. 167th St., Bronx, NY 10459; and (16) Chris Mikrut, a licensed Mold Assessor employed by Microecologies Inc.

By order dated December 11, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On October 14, 2025, Plaintiff amended his complaint and named additional defendants (ECF No. 22), thereby requiring an amended order of service.

Per the Court's Order entered on October 3, 2025, the Clerk of Court was directed to add Yolanda Padilla as a defendant, directed service as to then named Defendants save for Luigino Gigante, Samuel Diaz, Richard Warren, and Chris Mikrut, but granted Plaintiff leave to file an additional amended complaint to allege facts about those defendants and their involvement in the events that are the bases for his claims.

## DISCUSSION

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "Under this rule, courts have added individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York*, No. 25 Civ. 284 (RA), 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester Cnty. Dep't of Corr.*, No.

---

[1] The operative complaint in this case is Plaintiff's amended complaint at ECF No. 22.

20 Civ. 1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020) (second alteration in original); *Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.")

Insofar as Plaintiff has amended the complaint to rename Luigino Gigante, Samuel Diaz, Richard Warren, and Chris Mikrut (defendants upon which service has not been effected), add Lourdes Sanchez, Michael Graziano, and Chris "LNU" (newly added defendants), and referenced each throughout the body of the text alleging facts purporting to demonstrate their involvement in the alleged violations of his rights, the Court directs service on all sixteen of the above-named defendants.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the United States Marshals Service ("USMS") to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP). To allow Plaintiff to effect service on all of the defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Receipt and Return form ("USM-285 form") for each of those defendants to be served. The Clerk of Court is further instructed to issue a summons for each of those defendants to be served, and deliver to the USMS all of the paperwork necessary for the USMS to effect service upon all of the defendants to be served.

If the operative complaint at ECF No. 22 is not served on all the above-mentioned defendants to be served within 90 days after the date that the above-mentioned summonses

3

are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

This order of service supersedes the Court's directive in its October 3, 2025 Order. (ECF No. 18)  Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

## CONCLUSION

The Court respectfully directs the Clerk of Court to: (1) mail an information package to Plaintiff; (2)  add Luigino Gigante, Samuel Diaz, Richard Warren, Chris Mikrut, Lourdes Sanchez, Michael Graziano, and Chris "LNU" as defendants in this action, pursuant to Rule 21 of the Federal Rules of Civil Procedure; (3) issue summonses for the New York City Housing Authority, Building Management Associates, Luigino Gigante, Delia Hernandez, Lourdes Sanchez, Daniel Greene, Marcela Medina, Eva Trimble, Lisa Bova-Hiatt, Samuel Diaz, Richard Warren, Michael Graziano, Jorge Ramirez, Yolanda Padilla, Chris "LNU", and Chris Mikrut; (4) complete USM-285 forms with the service addresses for each of those defendants; and (5) deliver all documents necessary to effect service of a summons and the operative complaint (ECF No. 22) on those defendants to the USMS.

Dated: New York, New York
       November 19, 2025

                                        SO ORDERED.

                                        _____
                                        KATHARINE H. PARKER
                                        United States Magistrate Judge

**SERVICE ADDRESS FOR DEFENDANTS**

1. New York City Housing Authority
   Law Department
   90 Church Street, 11th Floor
   New York, New York 10007
   Attn: Law Department/Service

2. Building Management Associates
   862 Southern Boulevard
   Bronx, New York 10459

3. Delia Hernandez
   Property Manager
   Building Management Associates
   1102 Longfellow Avenue
   Bronx, New York 10459

4. Daniel Greene
   Executive Vice President of Operations
   New York City Housing Authority
   90 Church Street, 11th Floor
   New York, New York 10007
   Attn: Law Department/Service

5. Marcela Medina
   Senior Advisor to the Chief Operating Officer
   New York City Housing Authority
   90 Church Street, 11th Floor
   New York, New York 10007
   Attn: Law Department/Service

6. Eva Trimble
   Chief Operating Officer
   New York City Housing Authority
   90 Church Street, 11th Floor
   New York, New York 10007
   Attn: Law Department/Service

7. Lisa Bova-Hiatt
   Chief Executive Officer
   New York City Housing Authority
   90 Church Street, 11th Floor
   New York, New York 10007
   Attn: Law Department/Service

8. Jorge Ramirez
   Building Supervisor Building Management Associates
   1102 Longfellow Avenue
   Bronx, New York 10459

9. Yolanda Padilla
   New York City Housing Authority
   90 Church Street, 11th Floor
   New York, New York 10007
   Attn: Law Department/Service

10. Luigino Gigante
    President/Managing Director
    Building Management Associates
    998 E. 167th Street
    Bronx, NY 10459

11. Samuel Diaz
    Maintenance Supervisor
    New York City Housing Authority
    Bronx Property Mgmt. office
    250 Broadway
    New York, NY 10007

12. Richard Warren
    Maintenance Supervisor
    Building Management Associates
    998 E. 167th Street
    Bronx, NY 10459

13. Chris Mikrut
    Mold Inspector
    Microecologies Inc.
    211 East 43rd Street, Suite 731,
    New York, NY 10017

14. Lourdes Sanchez
    Assistant Property Manager
    Building Management Associates
    998 E. 167th Street
    Bronx, NY 10459

15. Michael Graziano
    Maintenance Supervisor
    Building Management Associates
    998 E. 167th Street
    Bronx, NY 10459

16. Chris "LNU"
    Building Superintendent
    Building Management Associates
    998 E. 167th Street
    Bronx, NY 10459