UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___1/20/2026___
```

ANTONY MONTERO,

                                    Plaintiff,

          -against-

NEW YORK CITY HOUSING AUTHORITY, et al.,

                                    Defendants.

24-CV-9301 (JPO) (KHP)

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge.**

The Court is in receipt of Plaintiff's various letters regarding service of process, motions for entry of default, and motion to appoint pro bono counsel.  Having carefully reviewed the docket in the above-entitled action, it appears that the U.S. Marshall Service has not yet effectuated service upon:

- Luigino Gigante
  President/Managing Director
  Building Management Associates
  998 E. 167th Street
  Bronx, NY 10459

- Samuel Diaz
  Maintenance Supervisor
  New York City Housing Authority
  Bronx Property Mgmt. office
  250 Broadway
  New York, NY 10007

- Richard Warren
  Maintenance Supervisor
  Building Management Associates
  998 E. 167th Street
  Bronx, NY 10459

- Chris Mikrut
  Mold Inspector
  Microecologies Inc.
  211 East 43rd Street, Suite 731,
  New York, NY 10017

- Chris (LNU)
  1102 Longfellow Ave, Apt. 4P,
  Bronx, NY 100459

The Marshalls are thus asked to confirm whether they have served the above individuals with the Amended Complaint at ECF No. 22, and if they have not, they are directed to effectuate service.  To the extent that a complaint has not yet been served on these individuals, and because the Court has reset the deadlines for Defendants to file an Answer or otherwise move in response to Plaintiff's amended complaint (ECF No. 39) there can be no default.   Similarly, to the extent Plaintiff has moved to expedite (ECF No. 11), the motion is denied.  The case has not moved forward because Plaintiff has repeatedly amended his pleading and added defendants, necessitating service of the new pleading on multiple defendants and extending the time for defendants to answer and delaying the case.  Once all defendants are served and answer, the case can move forward.

As a reminder, an Initial Case Management Conference is scheduled for March 9, 2026, at 10:00 a.m., by which time it is anticipated that all Defendants will be served and a response to the complaint will have been filed.  Until such time, Plaintiff should note that further amendments to the operative complaint will result in further delay to this action for the reasons discussed above.

Because Plaintiff has not demonstrated an inability to prosecute this matter without the assistance of counsel, his second application for pro bono counsel is DENIED without prejudice.

*See Sweeney v. Unger*, No. 12 Civ. 6483 (KMK) (LMS), 2015 WL 13948596, at *2 (S.D.N.Y. June 1, 2015); *see also Urena v. City of New York*, 22 Civ. 4758 (JLR) (KHP), 2023 WL 5715836, at *2 (S.D.N.Y. Sept. 5, 2023) (denying application for pro bono counsel where the case was "not particularly complex," and the plaintiff had not shown that he could not investigate the facts and present the case himself).  Although Plaintiff is not educated in the law, the Court grants a special solicitude to pro se plaintiffs for this reason, and it will construe Plaintiff's submissions to raise the strongest arguments they suggest.

**The Clerk of Court is respectfully directed to terminate the pending motion at ECF Nos. 11 and 47 and mail a copy of this order to the Plaintiff.**

**SO ORDERED.**

Dated:     January 20, 2026
           New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge