UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONY MONTERO,

                                    Plaintiff,

          -against-


NEW YORK CITY HOUSING AUTHORITY, et al.,

                                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   3/10/2026

**24-CV-9301 (JPO) (KHP)**

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On March 9, 2026, both Plaintiff and the Building Management Associates ("BMA") Defendants failed to appear at the Case Management Conference scheduled at ECF No. 23. Plaintiff is warned that failure to appear at scheduled proceedings or otherwise comply with Court orders may result in dismissal for failure to prosecute. *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order.") (quoting Fed. R. Civ. P. 41(b)). Defendant BMA is warned that a failure to appear at court ordered conferences may result in sanctions and/or a default judgment against it.

In a letter filed on March 5, 2026 Plaintiff requests that (i) his proposed case management plan be adopted and (ii) he be granted leave to file a Fourth Amended Complaint. As a result of his failure to appear, Plaintiff's first request is DENIED. At this time, the Court is not entering a case management plan. Rather, it will set a discovery schedule at a conference at which all parties appear. As to Plaintiff's second request, the Court takes notice that the Plaintiff is now already at his fourth version of the complaint. While special solicitude is

afforded to pro se plaintiffs, the doctrine is not boundless.  This case cannot move forward unless and until a final, operative complaint is filed and the claims and defendants are set and all the defendants served.  Accordingly, the most recently filed amended complaint (at ECF No. 22) will be the operative complaint to which any answer and/or motion to dismiss should be directed.  This Order does not preclude future amendments, but rather precludes them until further order of the Court.

Insofar as the Court was not able to discuss the discovery plan with the parties due to Plaintiff's and BMA's failure to appear at the conference, the initial case management conference is rescheduled to **May 5, 2026, at 2:00 p.m**.

In a separate letter dated March 5, 2026, Plaintiff requested accommodations including "permission to appear remotely when necessary."  While the Court does and will provide reasonable accommodations to litigants, Plaintiff's letter did not make any specific request to for any specific proceeding or provide information about his specific disability and why it required the accommodations.  Thus, the generic requests for accommodations are denied without prejudice.  To the extent Plaintiff requests a specific conference be converted to a telephonic one as a reasonable accommodation, the request should be made at least two business days before the conference.  The other modifications sought, while they generally appear reasonable, are untethered to any specific proceeding or stated need.  Therefore, the court is unable to evaluate them.  Again, particular requests for accommodation associated with particular court proceedings or deadlines should be made no less than two business days prior to the particular proceeding or deadline.

A number of Plaintiff's filings also appear to have been produced with generative AI.

2

Plaintiff is advised that pursuant to the Court's Individual Rules, "[a]lthough the use of ChatGPT[, Claude,] and other such generative artificial intelligence ("AI") tools is not prohibited, unqualified reliance on such tools may result in filings replete with misrepresentations and fabricated case law. Failure to exercise due care in reviewing and filing work product created with the assistance of generative AI tools may violate Rule 11 and other applicable standards of practice and expose the filer to sanctions or other corrective or disciplinary action."

Finally, the due date for all the NYCHA Defendants to answer or move with respect to the operative pleading at ECF No. 22 is **April 30, 2026**.  No pre-motion letter shall be required if the NYCHA Defendants choose to file a motion to dismiss.  Plaintiff's opposition to any motion to dismiss is due **May 29, 2026**; NYCHA Defendants' reply, if any, is due **June 12, 2026**.

Dated: New York, New York
      March 10, 2026

**SO ORDERED.**

_____
KATHARINE H. PARKER
United States Magistrate Judge

3