UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONY MONTERO,

                                    Plaintiff,

                -against-


NEW YORK CITY HOUSING AUTHORITY, et al.,

                                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/2026

24-CV-9301 (JPO) (KHP)

ORDER

**KATHARINE H. PARKER, United States Magistrate Judge.**

On March 10, 2026, Plaintiff submitted a letter requesting that the Court adjourn the Initial Case Management Conference, currently scheduled for May 5, 2026, in order to "allow additional time for the Court to consider the pending request for pro bono counsel or for [Plaintiff] to obtain representation," and because "significant medical hardship and extraordinary circumstances [ ] have substantially impaired [his] ability to participate meaningfully in litigation without legal representation." (ECF No. 76.)  The Court will convert the initial case management conference to be a telephonic conference.  At the scheduled time, the parties shall call Judge Parker's court conference line at **(646) 453-4442, conference ID 440 019 475#.**

Plaintiff's requests are otherwise DENIED.  The Initial Case Management Conference is scheduled approximately two months from now, and Plaintiff has not explained with any specificity why he is unable to proceed on that date on a pro se basis.  The Court notes that Plaintiff has submitted numerous filings that indicate he is able to meet deadlines and follow the docket and there is no apparent reason why at this stage he cannot proceed with a

conference designed to set a discovery schedule in the case.  In addition, Plaintiff's motion for appointment of counsel was previously denied at ECF No. 53 for the reasons set forth in that Order.  Although Plaintiff remains free to seek representation or make requests for accommodations based on his medical needs, there will be no further adjournments of the case schedule absent good cause.  The Court has given Plaintiff the benefit of the doubt about his need for a telephonic conference without any facts making clear why that accommodation is needed (including what the particular physical limitations are that preclude Plaintiff from coming to Court). To protect Plaintiff's privacy with respect to any medical condition and limitations in connection with this case, Plaintiff may supplement any specific requests for accommodation in connection with specific proceedings with an in camera letter providing the court with information about the nature of any medical limitation and the accommodation needed because of it.  Any such in camera letter should be sent to the pro se office addressed to the undersigned.  The Court directs that to the extent Plaintiff reveals any medical information in such a letter, he reveal it only to the limited extent necessary to provide context so the Court can understand the basis for the limitation and the requested accommodation.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 76.**

Dated: New York, New York
         March 13, 2026

                                        **SO ORDERED.**

                                        _____
                                        KATHARINE H. PARKER
                                        United States Magistrate Judge

2