USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONY MONTERO,

                                            Plaintiff,

                    -against-

NEW YORK CITY HOUSING AUTHORITY, et al.,

                                            Defendants.

24-CV-9301 (JPO) (KHP)

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On March 25, Plaintiff filed a letter requesting that the Court seek pro bono counsel on his behalf or, in the alternative, enter a protective order with respect to his scheduled deposition.  In light of the Court's most recent ruling on the issue of pro bono counsel, ECF No. 90, and its prior Order denying Plaintiff's motion for appointment of pro bono counsel, ECF No. 53, the Court construes the instant application as a motion for reconsideration.

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)." *Eckhart v. Fox News Network, LLC*, No. 20 Civ. 5593 (RA), 2022 WL 4579121, at *1 (S.D.N.Y. Sept. 29, 2022).  A court will grant reconsideration when a movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  Such a motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).   Based on Plaintiff's repeated filings concerning the same

subject matter it is apparent that he attempts to do precisely that.  Plaintiff does not cite to any newly discovered evidence or a change in the controlling law or explain how denials of his request would result in manifest injustice.  Accordingly, Plaintiff's motion is DENIED.

In his letter Plaintiff requested, in the alternative, that a protective order pursuant to Federal Rule of Civil Procedure ("Rule") 26(c) be issued such that Defendants' scheduled deposition of Plaintiff is limited in duration, includes breaks, allows for remote participation, and is scheduled around his stated medical needs.  This request is DENIED insofar as Plaintiff has not complied with the meet and confer requirement of the Rule.  Rule 26(c) states that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c).  Plaintiff has made no representation that he has done so.

**Plaintiff is directed to cease making further docket filings until the Initial Case Management Conference,** except for requests for adjournments or extensions of time, or to notify the Court of updated service addresses for any unserved defendants.  The Court will hear from the parties at the initial conference and set a schedule at that time.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 94**

Dated: New York, New York
       March 26, 2026

                              **SO ORDERED.**

                              KATHARINE H. PARKER
                              United States Magistrate Judge

2