UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONY MONTERO,

                          Plaintiff,

          -against-

NEW YORK CITY HOUSING AUTHORITY, et al.,

                          Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/11/2026
```

**24-CV-9301 (JPO) (KHP)**

**ORDER ON REQUEST FOR PRO BONO COUNSEL, MOTION TO SEAL, AND DISCOVERY LETTERS**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On June 8, Plaintiff filed a letter motion requesting that the Court seek pro bono counsel on his behalf and a separate letter that the Court construes as a motion to file under seal certain exhibits submitted in connection with the motion. For the reasons that follow, Plaintiff's motion for the Court to make a request that pro bono counsel be appointed is DENIED without prejudice and his motion to file certain exhibits under seal is GRANTED.

### A.      Pro Bono Counsel

Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel."  The U.S. Supreme Court clarified in *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296 (1989) that this statute does not authorize federal courts to make compulsory appointments of counsel in civil cases, though the Court may, in its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).  The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases

in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986).  These cases explain the steps a court should follow when deciding whether to appoint a lawyer for a person who cannot afford one.  First, the court must decide whether the person's claim appears to have real merit – meaning it has at least some chance of success.  *Hodge*, 802 F.2d at 60-61.  If the claim meets that basic requirement, the court then considers other factors. These include whether the person has tried and failed to get a lawyer on their own, whether the person can handle the case without help, how much factual investigation the case requires, how complicated the legal issues are, and whether a lawyer is needed to question witnesses effectively. *Cooper*, 877 F.2d at 172.  Even if the claim is not frivolous, that does not automatically mean the court should appoint a lawyer. If the person's chance of winning is slim, appointment of counsel may still not be justified.  *Hodge*, 802 F.2d at 60-61.

The Court has previously denied four similar requests from Plaintiff at ECF Nos. 15, 53, 90 and 96.  And because the proceedings are still in their early stages (the case is yet to proceed past pleadings), the Court is unable to conclude, even after review of Plaintiff's submissions, that Plaintiff cannot handle the case without assistance, although this conclusion may change as the action progresses.  Additionally, the Court still cannot yet determine whether Plaintiff's position shows a strong chance of success.  Moreover, the legal issues raised are not particularly complex – Plaintiff was able to articulate his position capably at the May 12, 2026, Case Management Conference and has been able to file motions on the docket with regularity. Accordingly, because the Court finds no circumstances at this stage that justify appointing pro bono counsel, Plaintiff's request is DENIED without prejudice to renewal later in the case and if

a change in circumstances is demonstrated meeting the criteria set forth above.

**B.      Motion to Seal**

Plaintiff requests that Exhibits I and J (ECF No. 118-2) – which Plaintiff contends contain "sensitive medical, disability, mental-health" information – be filed under seal.

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted).  Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record.  *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted).  "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted).  This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id*. (alteration in original) (internal quotation marks and citation omitted).

"[C]ourts in this Circuit routinely seal medical records, without sealing the entire case,

to protect the plaintiff's privacy interest in those records." *Anthony M. v. Wright*, No. 07 Civ. 6040 (FPG), 2018 WL 5619832, at *2 (W.D.N.Y. Oct. 30, 2018); *see, e.g.*, *Dunham v. City of New York*, No. 11 Civ. 1223 (ALC), 2021 WL 918373, at *1 n.1 (S.D.N.Y. Mar. 10, 2021).  Accordingly, Plaintiff's request to seal the exhibits– which the Court notes include mental and physical health diagnoses as well as medical treatment information – is GRANTED.

### C.      Plaintiff's June 5, 2026 Letters

On June 5, 2026, Plaintiff filed two letters to the docket (ECF Nos. 116-17) that do not comply with this Court's Individual Rules or Rule 26(c) of the Federal Rules of Civil Procedure. Accordingly, neither will be considered.   Plaintiff has made no representation that he "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c).  Therefore, Plaintiff is directed to meet and confer with opposing counsel to resolve the issues he has raised prior to seeking Court intervention.

### D.      Use of Generative AI

The Court also notes that all of Plaintiff's submissions appear to have been drafted with the assistance of generative AI.[1]  Federal Rule of Civil Procedure 11 imposes a duty on attorneys and pro se litigants to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact and that they have verified all cited sources for accuracy. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  Although the use of ChatGPT and other such generative AI tools is not prohibited,

---

[1]https://nysd.uscourts.gov/sites/default/files/practice_documents/KHP%20Parker%20Use%20of%20AI%20Rule%2011.12.2025.pdf

unqualified reliance on such tools may result in filings replete with misrepresentations, errors and fabricated case law.  Failure to exercise due care in reviewing and filing work product created with the assistance of generative AI tools may violate Rule 11 and other applicable standards of practice and expose the filer to sanctions or other corrective or disciplinary action. *See, e.g., Park v. Kim*, 91 F.4th 610, 614 (2d Cir. 2024).

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 119 and maintain the documents at ECF No. 118-2 as sealed.**


Dated: New York, New York
        June 11, 2026

**SO ORDERED.**

_____
KATHARINE H. PARKER
United States Magistrate Judge