USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/14/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONY MONTERO,

Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY, et al.,

Defendants.

**24-CV-9301 (JPO) (KHP)**

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On July 9, 2026, Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), filed a Letter with the Court requesting, pursuant to Federal Rule of Civil Procedure ("Rule") 4(m), an extension of time to effectuate service on Defendants Chris Mikrut, Michael Graziano, and Richard Warren and for clarification regarding Chris Mikrut's termination from the docket. The Court finds that good cause for an extension exists and GRANTS Plaintiff's request.

**LEGAL STANDARD**

A plaintiff has 90 days to serve the defendant after a complaint is filed. Fed R. Civ. P. 4(m). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* "But if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added); *see also Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010) ("Judge Sand's order stating that 'good cause' had been shown is best read as a finding that the plaintiffs' failed attempts at service warranted an extension of time to serve, as well as

a grant of permission to use the alternative method of service by marshal. And once this good cause finding was made, an extension of time to serve was mandatory, not discretionary."); *Mason Tenders Dist. Council Pension Fund v. Messera,* No. 95 Civ. 9341, 1997 WL 221200, at *3 (S.D.N.Y. April 1, 1997) (finding that under Rule 4(m) the plaintiff shoulders the burden of showing that they had good cause).

The Second Circuit has interpreted this rule to give courts considerable flexibility in deciding whether to extend time for service. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." *AIG Managed Mkt. Mut. Fund v. Askin Cap. Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) (citing *Motel 6 Sec. Litig. v. Hugh Thrasher*, No. 93 Civ. 2183 (JFK), 1995 WL 431326, at *2 (S.D.N.Y. July 20, 1995) (collecting cases)). "A delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." *Id.* (citing *Myers v. Secretary of the Dep't of the Treasury,* 173 F.R.D. 44, 47 (E.D.N.Y. 1997) (collecting cases).

**DISCUSSION**

The Court finds that the Plaintiff has shown "good cause" within the meaning of Rule 4(m). The chronology of the above-entitled action speaks for itself: Plaintiff, who is proceeding *pro se* and IFP, filed the operative pleading on October 14, 2025, naming, among others, Chris Mikrut, Michael Graziano, and Richard Warren as defendants. (ECF No. 22) On November 19, 2025, the Court entered an Amended Order of Service directing the Clerk of Court to add those individuals as defendants, issue summonses, prepare the necessary service forms, and deliver the service materials to the United States Marshals Service. (ECF No. 24) Summonses were

issued, and the service package was delivered to the Marshals Service, on November 25, 2025. The Marshals subsequently attempted service on Graziano and Warren on March 6, 2026, but the summonses were returned unexecuted. (ECF Nos. 78, 80) On March 18, 2026, the Court found good cause to extend the service deadline to May 18, 2026, and directed the Marshals to reattempt service at an identified Bronx address. (ECF No. 85) The Court thereafter directed Plaintiff to provide updated addresses and required the appearing defendants to assist in locating service information. (ECF No. 108) On May 26, 2026, the Court entered a renewed order directing service on Graziano and Warren, and new summonses and service materials were delivered to the Marshals Service on May 29, 2026. (ECF No. 112) The docket further reflects that service on Mikrut was attempted on May 27, 2026, but was unsuccessful. As of July 7, 2026, no executed proof of service had been filed for Mikrut, Graziano, or Warren.

Here, there is no suggestion of dilatoriness or gamesmanship – Plaintiff has made every effort to ensure that the above-named Defendants have been served and considering his status as a *pro se* Plaintiff proceeding IFP, the 60-day extension sought is one that should be accommodated. **Accordingly, the U.S. Marshal Service is respectfully directed to reattempt service on Defendants Michael Graziano, Richard Warren, Christopher Reyes at the addresses listed in the summons at ECF No. 114.**

With regard to Plaintiff's request for clarification regarding the "docket report's party-list notation," Chris Mikrut has not been terminated and the notation for Mikrut appears to be active on the docket.[1]

**CONCLUSION**

In light of the foregoing the Court extends the due date of service for Michael Graziano, Richard Warren, Christopher Reyes to September 14, 2026, finding that deadline to constitute an appropriate extension of time.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 137.**

Dated: New York, New York
July 14, 2026

**SO ORDERED.**

Katharine H Parker
______________________________
KATHARINE H. PARKER
United States Magistrate Judge

[1] There are two entries for Defendant Chris Mikrut, one being terminated on September 22, 2025 and the other being active.