**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTONY MONTERO,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK CITY HOUSING AUTHORITY (NYCHA); BUILDING MANAGEMENT ASSOCIATES (BMA); LUIGINO GIGANTE (President, BMA); DELIA HERNANDEZ (Property Manager, BMA); LOURDES SANCHEZ (Assistant Property Manager, BMA); DANIEL GREENE (Executive Vice President of Operations, NYCHA); MARCELA MEDINA (Senior Advisor to the COO, NYCHA); EVA TRIMBLE (Chief Operating Officer, NYCHA); LISA BOVA-HIATT (Chief Executive Officer, NYCHA); SAMUEL DIAZ (Maintenance Supervisor, NYCHA); RICHARD WARREN (Field Maintenance Supervisor, BMA); MICHAEL GRAZIANO (Maintenance Supervisor, BMA/NYCHA); JORGE RAMIREZ (Building Supervisor, BMA); YOLANDA PADILLA (Housing Assistant, NYCHA); CHRIS (LAST NAME UNKNOWN) (Building Superintendent, BMA); CHRIS MIKRUT (Licensed Mold Assessor, Microecologies Inc.),<br><br>Defendants. | Case No.: 1:24-cv-09301 (JPO) (KHP)<br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/13/2026

WHEREAS, Plaintiff Antony Montero ("Plaintiff") and Defendants New York City Housing Authority ("NYCHA"), Daniel Greene, Marcela Medina, Eva Trimble, Lisa Bova-Hiatt, and Samuel Diaz (collectively, the "NYCHA Defendants"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party and *pro se* Plaintiff may designate any document or information, in whole or in part, as confidential if counsel or *pro se* Plaintiff determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped “CONFIDENTIAL.”

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party’s designation of confidentiality, counsel and/or *pro se* Plaintiff shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of “For Attorneys’ or Experts’ Eyes Only,” which shall be considered “Highly Confidential Information.” All other documents designated as “CONFIDENTIAL” shall not be disclosed to any person, except:

a. The requesting party and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel and/or *pro se* Plaintiff; and

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel and/or *pro se* Plaintiff must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall

immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Restrictions on Use of Artificial Intelligence ("AI") to process Confidential or Highly Confidential Information: Absent notice to and written permission from the producing party, any person or entity authorized to have access to Confidential Information under the terms of this Order shall not (a) use or employ any "open system" AI application, service, or analytical software that will transfer, transmit, send, or allow unauthorized persons access to Confidential Information or Highly Confidential Information, in whole or in part, including metadata, or (2) permit any Confidential Information or Highly Confidential Information to be used to train any publicly accessible artificial intelligence tool. The parties may utilize private "closed system" AI tools, subject to all other Federal Rules of Civil Procedure, attorney ethical obligations, and the law.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. If a Producing Party becomes aware that it has inadvertently produced information or materials that are protected by

the attorney-client privilege, work product immunity, or other privilege or immunity, the Producing Party should promptly notify each Receiving Party in writing of the inadvertent production. Once a Receiving Party receives notice in writing of the inadvertent production, it shall make reasonable efforts to gather copies of the information and materials that were distributed to others and shall return all copies of such inadvertently produced material within three (3) business days of receiving such notice. Any notes or summaries referring or relating to any such inadvertently produced material subject to a claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. If a receiving party challenges the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation, each receiving party shall immediately sequester any inadvertently produced information or materials and refrain from distributing or otherwise using the inadvertently disclosed information or materials for any purpose until the discoverability of the materials is agreed by the parties or resolved by the Court, and the receiving party shall not be required to return or destroy such sequestered information or materials until the discoverability of the materials is agreed by the parties or resolved by the Court. The producing party bears the burden of establishing the privileged or otherwise protected nature of any inadvertently produced information or materials. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials solely to respond to a motion by the producing party seeking return or destruction of such information or materials. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know are privileged, the receiving party or its counsel shall immediately take reasonable steps to (i) stop reading such information or

materials, (ii) notify the producing party or its counsel of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the producing party, and (v) otherwise comport themselves with the applicable rules of professional conduct.

10. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

By: Antony Montero
Antony Montero
1084 East 165th Street, Apt. 1A
Bronx, New York 10459

*Pro Se Plaintiff*

Dated: October 9, 2026

By: Christopher Cruz Sierra
Christopher Cruz Sierra
Joseph Anci
JACKSON LEWIS, PC
666 Third Avenue, 28th Floor
New York, New York 10017

*ATTORNEYS FOR THE NYCHA DEFENDANTS*

Dated: October 9, 2026

SO ORDERED.

Katharine H Parker

KATHARINE H. PARKER, U.S.M.J.

Dated: New York, New York

__10/13/2026__________________

**Agreement**

I have been informed by counsel and/or *pro se* Plaintiff that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

__________________________________

Signed in the presence of:

__________________________________

(Attorney or *Pro Se* Plaintiff)